Harwood Robbins, Petitioner *v.* Workmen's Compensation Appeal Board (Donald Acor Trucking et al.), Respondents.

Argued September 12, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Clifford A. Rieders, Murphy, Mussina, Harris, Travis, Rieders & Humphrey,* for petitioner.

*Kathleen Lenahan,* with her *Joseph P. Lenahan, Lenahan & Dempsey,* for respondents.

OPINION BY JUDGE ROGERS, October 27, 1983:

The claimant in this workmen's compensation case has appealed from an order of the Workmen's Compensation Appeal Board reversing a referee's grant of the prayer of his petition to set aside a final receipt. The Board held that the claimant had failed to prove by clear and convincing evidence that all disability attributable to his work related injury had not terminated when the final receipt was executed.

On February 15, 1977 the claimant suffered an injury to his left foot while in the course of his employment. On November 3, 1977 he executed a final receipt. The claimant then filed a petition to set aside the final receipt.[1] Before any proceedings were had on the petition to set aside, the employer, its carrier and the claimant entered into a supplemental agreement dated June 25, 1979 in which they agreed that the final receipt dated November 3, 1977 should be set aside and that the claimant's disability payments should be reinstated as of April 8, 1979. The parties also agreed that the claimant "will be able to return to work on September 30, 1979."

---

[1] By order made May 5, 1981 the referee dismissed the petition to set aside the final receipt dated November 3, 1977 and closed the record of the proceedings concerning this receipt on the basis of the parties supplemental agreement dated June 25, 1979. This order was not appealed.

Thereafter the claimant executed a final receipt dated July 3, 1979 in which he acknowledges receipt of $2,487.50 as compensation for disability and in which he declares that "I was able to return to work on September 30, 1979."

The supplemental agreement dated June 25, 1979 and the final receipt dated July 3, 1979 each contains two material alterations. In both agreements the phrase "without loss of earning power due to the disease or injury suffered by me" was crossed out and the notation "The [claimant's] return [to work] date is an estimate made on or about June 1979 which is subject to change" is typewritten.

The claimant next filed a petition to set aside attacking the final receipt dated July 3, 1979. The referee conducted hearings and thereafter set aside the final receipt holding that the claimant had proven that his disability had persisted since the date of his injury and existed at the time he executed the final receipt. The referee wrote:

> Your referee has carefully reviewed the entire record and finds testimony of the claimant credible, that he has not recovered from his 1977 injury and that he is not able to return to his former occupation, the one which he held at the time of his injury. The overall testimony of both physicians and particularly that of Dr. Fred R. Amsler supports your referee's finding that the claimant cannot return to his time of injury position and that his disability has continued since his injury and the signing of the final receipts.

The Appeal Board, as noted, reversed. The reason given was, "[we] failed to find anywhere in the testimony of claimant's medical witness a statement that the claimant continued to suffer disability on the date he signed his final receipt." We disagree. A careful

review of the record impels us to conclude that there is clear and convincing evidence that the claimant was disabled as the result of his injury at work in 1977 and that he continued to be disabled until May, 1980, at the earliest. Fred R. Amsler, M.D., the orthopedic surgeon who treated the claimant's injured foot described the claimant's medical condition during the period June 15, 1978 through May 5, 1980. Doctor Amsler testified that the claimant underwent surgery on his foot on April 9, 1979, that he was in a cast until June 11, 1979 and that he was required to use crutches until September 1979. The notes of testimony reveal the following concerning the claimant's inability to work as a truck driver:

Dr. Amsler: ... Further surgery is not anticipated, and there is a real question in my mind whether he will ever be able to return to his regular work as a truck driver and a freight handler.

Attorney Rieders: Certainly he has not been able to between February 20, 1979 and the present time? (May 5, 1980)

Dr. Amsler: That's correct.

Attorney Rieders: Is there any question in your mind as to whether the [claimant's] present problems with the foot and the future problems you anticipate is due to the original trauma for which you have treated him?

Dr. Amsler: Based on my history as related by the patient, and his referring physician, Dr. Bloomsburg it is my impression that the patient's problem at the present time is directly related to the injury that occurred in January 1977. .... There is no question in my mind that this present condition and his present disability is related to the foot injury that occurred in January 1977.

In short, Dr. Amsler testified that from the time he first saw the claimant until the time of the hearings the claimant was unable to drive a truck. This of course includes the time the claimant signed the final receipt. Of course it was not necessary to produce medical evidence that the claimant was disabled on the exact date, July 3, 1979, he signed the final receipt; this fact is subsumed in the testimony that he was disabled from a date long prior to and long after July 3, 1979.

We therefore reverse the order of the Workmen's Compensation Appeal Board and direct that the referee's order dated May 5, 1981 setting aside the final receipt dated July 3, 1979 be reinstated.

## ORDER

AND Now, this 27th day of October, 1983, the order of the Workmen's Compensation Appeal Board, dated September 23, 1982, is reversed and the referee's order dated May 5, 1981, setting aside the claimant's final receipt is reinstated.